IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  09 CR 446 |
| | ) | Judge Samuel Der-Yeghiayan |
| DAHVEED DEAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DAHVEED DEAN'S MOTION
TO SUPPRESS EVIDENCE**

Defendant Dahveed Dean, by his attorney Raymond D. Pijon, respectfully requests that this Honorable Court suppress and exclude from the trial herein any physical evidence taken from, and any statement made by, Dean.  Dean brings this motion pursuant to the Fourth and Fifth Amendments to the United States Constitution, Rule 12(b)(3) of the Federal rules of Procedure, and 18 U.S.C. § 3501.  In support of this motion, he states as follows:

1. This case stems from a six-count indictment charging the commission of three bank robberies, each involving two counts of the indictment, one for robbery and one for use of a firearm during the commission of the robbery.  Counts One and Two, charging defendants Dahveed Dean and Terrance Daniels, involve a bank robbery on August 2, 2005 in South Holland, Illinois;  Counts

      Three and Four, charging Terrance Daniels and Albert Jones, involve a bank robbery on August 25, 2005 in Skokie, Illinois; Counts Five and Six, charging Dahveed Dean alone, involve a bank robbery on December 20, 2005 in Chicago, Illinois.

2.   According to discovery documents provided by the government on or about October 7, 2005, agents for the State of Illinois and/or Federal government were conducting surveillance of Dean beginning at approximately 7:30 a.m. Dean was observed leaving a residence at 802 W. 90th St., Chicago, Illinois with an unknown black male (later identified as Marcus Moore). Dean retrieved a black bag from the trunk of a gold Chrysler 300 M automobile and placed it into the trunk of a Pontiac. The driver of the Pontiac (Moore) departed from the area and drove to the corner of Prairie and 45th Streets, where he met with another unidentified black male. Not long after that occurrence, Dean appeared on the scene and drove away with Moore, in the Pontiac, to 4538 S. Martin Luther King Drive. There, both men exited the vehicle and walked out of sight.

At 9:45 a.m., Dean and Moore exited a van with a pink bag "in their hands" and placed it in the trunk of the Pontiac. Dean and Moore then drove away in the Pontiac. The Pontiac was next seen parked next to the gold Chrysler; both vehicles had their trunks open. Then, Dean and Moore left in the Chrylser and traveled to the 8900 block of Dauphin. The agents observed the Chrysler

parked in front of a wig shop, with Dean in the driver's seat and Moore in the passenger's seat. Both subjects were then and there arrested at 11:50 a.m..

3. After the arrest, Dean was transported to the FBI office on Roosevelt Road, Chicago, IL, and interrogated by government agents. Seized from Dean at the time of arrest were two cell phones and a baseball cap. Thereafter, Dean's Chrysler was searched, leading to recovery of various items including a Motorola cellular phone, a black knit jacket, a pocket knife, a bag of marijuana, Nike shoes, a pink pillow case, a black wig, a pair of broken sun glasses, two nylon caps, a pair of latex gloves, miscellaneous papers including traffic tickets and store receipts, and a hotel key. A statement, recorded in writing, was purportedly made by Dean. All or some of the above may be offered as evidence by the government during its prosecution of this case.

4. The FBI reports generated in this matter state that Dean consented to the interrogation and the search of his cell phones, shortly after his arrest. The government has recently (within the past three days) produced copies of these consents. (Dean will need further time to evaluate these consents and to determine whether he will challenge them.)

5. Dean was kept in federal custody until October 11, 2005, but not brought before a magistrate or district judge when the United States Attorney for the Northern District of Illinois declined to prosecute him.

6. It is that this conduct, prior to the arrest on October 7, 2005 fails to

establish probable cause that Dean had committed, was committing, or was about to commit a violation of any federal, state, or local law. The agents did not observe Dean committing an illegal act. Moreover, the police neither had in their possession, nor sought, an arrest warrant for him.

10. Dean's warrantless arrest constitutes a violation of the Fourth Amendment to the United States Constitution, which guarantees the right of persons to be secure from unreasonable searches and seizures of their persons and provides that citizens not be deprived of liberty and property without due process of law. Furthermore, the Exclusionary Rule, *Mapp v. Ohio*, 357 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), prohibits the introduction of evidence acquired directly or indirectly from an unreasonable search and seizure.

WHEREFORE, defendant Dahveed Dean moves this Honorable Court to conduct a hearing into the allegations of this motion and, thereafter, to enter an order suppressing all physical evidence and any statement obtained from Dean following his arrest, and to bar their use as evidence against him at trial.

Respectfully submitted,


/s/ Raymond D. Pijon

Raymond D. Pijon
134 N. LaSalle St.
Suite 1800
Chicago, IL 60602
(312)236-8708

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04 CR 121 |
| | ) | Judge Samuel Der Yeghiayan |
| DAHVEED DEAN, | ) | |
| | ) | |
| Defendant. | ) | |

## Affidavit in Support of Motion to Suppress

Affiant, Dahveed Dean , having been duly sworn on oath states that he has read the foregoing Motion to Suppress States and that the contents the allegations therein are true and correct, to the best of his knowledge and belief.

/s/ Dahveed Dean

Affiant

SUBSCRIBED AND SWORN
to before me this  day of 27th
June 2007.

/s/ Raymond D. Pijon

Notary Public