# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CR 446 - 1 | **DATE** | 5/5/2011 |
| **CASE TITLE** | USA vs. Dahveed Dean | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motions to suppress [32] and [34] are denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on Defendant Dahveed Dean's (Dean) motion to quash his 2006 arrest and suppress evidence and statements relating to his 2006 arrest (Motion to Quash and Suppress). This matter is also before the court on Dean's motion to suppress recorded calls (Motion to Suppress Recorded Calls).

With respect to the Motion to Quash and Suppress, Dean argues that the police did not have probable cause to arrest him in 2006 and that the exclusionary rule therefore applies to any evidence seized or any statements allegedly made by Dean in connection with his 2006 arrest. Dean also argues that any statements he allegedly made in connection with his 2006 arrest must be suppressed because he was never advised of his *Miranda* rights. Dean raised these arguments in criminal case number 06 CR 550, which was also assigned to this judge. The court held a suppression hearing on October 17, 2007, but shortly after that suppression hearing and before the court had ruled on the motion, Dean pled guilty to the underlying charge brought against him of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). Dean's guilty plea was unconditional, and therefore Dean waived the Fourth Amendment claims he raised in criminal case number 06 CR 550. *United States v. Cain*, 155 F.3d 840, 842 (7th Cir. 2004). However, Dean has re-raised

**STATEMENT**

his Fourth Amendment claims from the 2006 case in the instant 2009 action. The parties have not provided the court with any Seventh Circuit precedent on the issue of whether Dean can raise his Fourth Amendment claims in a subsequent criminal case after entering an unconditional plea of guilty in the underlying prior criminal case. Whether or not Dean has waived his Fourth Amendment claims as to the prior arrest, the court will make a ruling on Dean's Motion to Quash and Suppress based on the evidence presented by the parties at the suppression hearing held on October 17, 2007.

At the October 17, 2007 suppression hearing, the Government presented the testimony of Chicago Police Officers Curtis Ivy and Delwin Gadlen. Officer Ivy testified that he spoke with one of the victims at the scene of a fight that occurred on January 3, 2006, and that the victim stated that he had been assaulted by two black males who were carrying guns. (Tr. 10). Officer Ivy also testified that while he was taking the victim's statement, a gold Chrysler drove by, and the victim identified the two individuals in the Chrysler as the victim's assailants. (Tr. 10). Officer Ivy further testified that as soon as the victim identified the occupants of the Chrysler as his assailants, Officer Ivy pursued the Chrysler in his police car, pulled the Chrysler over, and ordered Dean and a passenger to exit the Chrysler. (Tr. 11, 12). In addition, Officer Ivy testified that other officers arrived at the scene as Dean and the passenger exited the vehicle and that Dean and the passenger were then arrested. (Tr. 13). Officer Ivy further testified that the Chrysler was searched incident to the arrest and that guns were found in a trap compartment that had been built into the dashboard. (Tr. 13-14). Officer Ivy also testified that he advised Dean of his *Miranda* rights at the scene of the arrest and that later, at the police station, Dean admitted that the guns found in the Chrysler were his. (Tr. 15, 16).

Officer Gadlen testified that two witnesses to a large fight, Kimberley Jones (Jones) and another female by the last name of Johnson, told Officer Gadlen that they had seen two males with guns exit a vehicle and strike an individual in the head. (Tr. 73). While the witnesses were giving their statements to Officer Gadlen, a gold Chrysler 300M drove by and the witnesses identified the individuals in the car as the men they had seen strike the individual. (Tr. 74-75). Officer Gadlen immediately sent a flash message on the radio regarding the Chrysler. (Tr. 76-77). Officer Gadlen also testified that he did not participate in Dean's arrest, but that he advised Dean of his *Miranda* rights later, at the police station, before Dean gave a statement indicating that the guns found in the Chrysler were his. (Tr. 77-79).

**STATEMENT**

Dean presented the testimony of Jones and Laura Dunaj (Dunaj). Jones testified that she did not know Dean and that Dean was not the individual she pointed out to police officers as having a gun at the scene of the fight. Dunaj testified generally regarding the 911 calls and other transmissions that occurred on the date of Dean's arrest. As to the testimony of Jones that she did not know Dean, the Government called FBI Special Agent Dan McCune as a rebuttal witness, who testified (1) that he interviewed Jones on July 11, 2006, approximately six months after the date of Dean's arrest, (2) that Jones indicated she had seen Dean in the area of the fight, and (3) that Jones identified Dean by name in a photograph.

In *Ebert v. Gaetz*, 610 F.3d 404 (7th Cir. 2010), the Seventh Circuit stated that "[p]olice have probable cause to make an arrest when the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the arrestee] had committed or was committing an offense." *Id.* at 412 (quoting *Beck v. Ohio,* 379 U.S. 89, 91 (1964)). In addition, in *United States v. Bullock*, 632 F.3d 1004 (7th Cir. 2011), the Seventh Circuit indicated that "[a] determination of probable cause is based on probabilities and does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime." *Id.* at 1022 (citing *United States v. Funches,* 327 F.3d 582, 586 (7th Cir. 2003), which quoted *United States v. Carrillo,* 269 F.3d 761, 766 (7th Cir. 2001)). The Seventh Circuit also stated in *Bullock* that "[t]o find probable cause, there need only be a probability or a substantial chance that criminal activity exists" and that "[p]robable cause is a commonsense, nontechnical conception that deal[s] with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Bullock*, 632 F.3d at 1022 (citing *Purvis v. Oest,* 614 F.3d 713, 722-23 (7th Cir. 2010) and quoting *Ornelas v. United States,* 517 U.S. 690, 695 (1996)). After hearing the testimony of the witnesses and observing the demeanor of the witnesses during their testimony relating to the circumstances of Dean's arrest on January 3, 2006, the court finds that the Government's witnesses were credible, that Jones' testimony was not entirely credible in that she gave inconsistent statements regarding her knowledge of Dean, and that the testimony of Dunaj related to the timeline of events and certain communications and transmissions did not meaningfully impact upon the issue of whether there was probable cause to arrest Dean. Based upon all the evidence presented to the court, the court finds that there was probable cause to

**STATEMENT**

arrest Dean on January 3, 2006.

In addition, the United States Supreme Court recently held that police officers may search a vehicle incident to a lawful arrest when it is "reasonable to believe that evidence of the offense of arrest might be found in the vehicle." *Arizona v. Gant*, 129 S.Ct. 1710, 1714 (2009). Dean was identified by witnesses as an assailant carrying a weapon and was shortly thereafter seen in the Chrysler in the area of the fight. Thus, it was reasonable to believe that evidence of Dean's offense of arrest might be found in the Chrysler, and therefore the search of the Chrysler was also lawful. Further, Officer Ivy and Officer Gadlen each testified that they advised Dean of his *Miranda* rights prior to Dean's admission regarding ownership of the guns recovered from the Chrysler. *See Maryland v. Shatzer*, 130 S.Ct. 1213, 1219 (2010)(discussing rule established in *Miranda v. Arizona*, 384 U.S. 436 (1966), "that police officers must warn a suspect prior to questioning that he has a right to remain silent, and a right to the presence of an attorney"). Therefore, based on the above and the totality of the record, Dean's Motion to Quash and Suppress is denied.

With respect to Dean's Motion to Suppress Recorded Calls, Dean seeks to suppress any recorded calls made by Dean between August 18, 2006 and April 5, 2007, when Dean was incarcerated at the Metropolitan Correctional Center. Dean argues that since he did not consent to the recordings or waive the confidentiality of the calls, such recordings were obtained in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*, and the Fourth Amendment to the United States Constitution. The Seventh Circuit has expressly rejected such arguments, finding that prisoners do not have a reasonable expectation of privacy in calls made or received during incarceration and that a prisoner's recorded calls are admissible based on 18 U.S.C. § 2510(5)(a)(ii), which permits wiretapping "by an investigative or law enforcement officer in the ordinary course of his duties." 18 U.S.C. § 2510(5)(a)(ii); *see also, e.g., United States v. Daniels*, 902 F.2d 1238, 1245 (7th Cir. 1990); *United States v. Sababu*, 891 F.2d 1308, 1328-30 (7th Cir. 1989); *United States v. Feekes*, 879 F.2d 1562, 1565-66 (7th Cir. 1989). Therefore, Dean's Motion to Suppress Recorded Calls is denied.