IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 09 CR 446-1 |
| | ) | |
| | ) | |
| | ) | |
| Dahveed Dean, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Order

A jury convicted Dahveed Dean, along with several co-defendants, of bank robbery and related firearms offenses, and the presiding judge, who has since retired from this court, imposed lengthy sentences. Mr. Dean appealed his conviction but was unsuccessful. *See United States v. Daniels*, 803 F.3d 335 (7th Cir. 2015). In 2019, he moved for relief under 28 U.S.C. § 2255, but I dismissed the motion as untimely. *See United States v. Dean*, No. 19 C 3222 (N.D. Ill. Aug. 19, 2019). Then, in 2023, Mr. Dean moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), based on his family circumstances, but I concluded that the circumstances he described did not amount to the "extraordinary and compelling reasons" the statute requires.

ECF 427. Mr. Dean is currently in custody at USP Hazelton, with a projected release date of September 3, 2032.

Three motions are currently pending, although two are duplicative in substance. In the first, Mr. Dean seeks to correct what he characterizes as a "clerical error" in his restitution judgment. In the second, he again moves for compassionate release, this time arguing that he satisfies the criteria for "extraordinary and compelling" reasons described in U.S.S.G. § 1B1.13(b)(6), which became effective on November 1, 2023. Mr. Dean's third filing is labeled a motion "for relief under Amendment 821," but in substance, it argues that I should grant compassionate release on the grounds he asserts in the motion so labeled.[1] For the reasons explained below, none of these motions has merit.

Mr. Dean's first motion is denied on the ground that nothing in the record suggests that the "error" he attributes to his judgment of restitution is "clerical." A clerical error that may

---

[1] It is possible that Mr. Dean's third filing, though perplexingly labeled as proceeding under Amendment 821, is intended to supplement or correct the arguments he made in the memorandum of law accompanying his motion he captions as arising under § 3582(c)(1)(A). Indeed, that memorandum appears to have been copied and pasted from a submission in an unrelated case, as it refers to docket entries that do not exist in this case and seems to challenge a decision entered by another judge (whose name is crossed off), in some other proceeding. *See generally* ECF 451 at 2-10.

be corrected "at any time" under Fed. R. Crim. P. 36 occurs when there is a problem "in the translation from the district court's original sentence to the formal written commitment order," *United States v. Becker*, 36 F.3d 708, 710 n.2 (7th Cir. 1994), that is, when there is a discrepancy between the sentence the judge pronounced and the written order that is memorialized on the docket. All other sentencing errors must be corrected, if at all, within seven days of sentencing pursuant to Rule 35(a). *See United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008).

The restitution order in this case states that Mr. Dean is jointly and severally liable with co-defendants Daniels and Moore for $46,726 on Count I, and jointly and severally liable with co-defendants Wilborn and Moore for $187,124 on Count II. That means that while no victim is entitled to recover more than its actual losses, each defendant is liable for the full amount of the restitution. *See United States v. Sheets*, 814 F.3d 256, 260 (5th Cir. 2016) ("[i]f the court finds that more than one defendant has contributed to a victim's loss, the court has the discretion to find each defendant liable for payment of the full amount of restitution, i.e., joint and several liability among the defendants.").

Mr. Dean argues that he should be liable for only one-fourth of the total restitution ordered, but he points to nothing

3

suggesting that that is what the sentencing judge intended. To the contrary, in his oral pronouncement of Mr. Dean's sentence, Judge Der-Yeghiyan stated:

> The defendant...shall pay restitution jointly and severally with co-defendant Terrance Daniels and Marcus Moore in the amount of $46,726 to First National Bank, 200 West 162nd Street, South Holland, Illinois, 60473, which shall be due immediately. The defendant shall pay restitution jointly and severally with Morris Wilbon and Marcus Moore in the amount of $187,124 to First Bank, 2356 South Kedzie, Chicago, Illinois, 60623, which shall be due immediately.

Tr. of 08/29/2013, ECF 337 at 54. Because the restitution order is consistent with the original sentence, it reflects no "clerical error." Accordingly, Mr. Dean was required to challenge the order, if at all, within fourteen days of his sentencing. Because he did not do so, nor did he raise any objection to or appeal the judge's restitution order, he forfeited the argument he raises in the pending motion.

Nor is Mr. Dean entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the criteria stated in U.S.S.G. § 1B1.13(b)(6). As a general rule, a court cannot modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). Compassionate release offers a narrow exception to this rule, and defendants must, among other things, begin by exhausting the administrative remedies available to them in the Bureau of Prisons, and identify "an 'extraordinary and compelling' reason

4

warranting a sentence reduction." *United States v. Peoples*, 41

F.4th 837, 840 (7th Cir. 2022) (quoting *United States v. Thacker*,

4 F.4th 569, 576 (7th Cir. 2021)). Mr. Dean has done neither of

these things.[2]

Even had Mr. Dean exhausted his administrative remedies,

his motion fails on the merits because *Thacker* forecloses his

reliance on U.S.S.G. § 1B1.13(b)(6). That Guideline provides

that "extraordinary and compelling reasons" for purposes of

§ 3582(c)(1)(A)(i) include:

> 6) Unusually Long Sentence.—If a defendant received an
> unusually long sentence and has served at least 10
> years of the term of imprisonment, a change in the law
> (other than an amendment to the Guidelines Manual that
> has not been made retroactive) may be considered in
> determining whether the defendant presents an
> extraordinary and compelling reason, but only where
> such change would produce a gross disparity between
> the sentence being served and the sentence likely to
> be imposed at the time the motion is filed, and after
> full consideration of the defendant's individualized
> circumstances.

U.S.S.G. § 1B1.13(b)(6) (2023). Mr. Dean argues that he is

eligible for relief under this provision because under current

law, he would not be sentenced as a career offender under

---

[2] Because Mr. Dean has not shown that he has exhausted his
administrative remedies, I have no authority to grant relief
under § 3582(c)(1)(A)(i) regardless of the merit of his
substantive arguments. But since I conclude that his argument
lacks merit in any event, I resolve his motion on that basis
rather than dismiss it to allow him to invoke the required
administrative procedures.

Guideline § 4B1.2(b)) because the robberies of which he was convicted no longer constitute "crimes of violence" within the meaning of that provision, and because his prior drug convictions no longer qualify as career offender predicates. Setting aside that Mr. Dean was not sentenced as a career offender, a growing number of district courts in this circuit have denied relief on the grounds he asserts, concluding that § 1B1.13(b)(6) conflicts with *Thacker*, and that lower courts in this circuit are bound to follow the latter. *See, e.g., United States v. Glover*, No. 04 CR 940, 2024 WL 4753811, at *2 (N.D. Ill. Nov. 12, 2024); *United States v. Duncan, No.* 3:03-CR-57 JD, 2024 WL 4471420, at *7 (N.D. Ind. Oct. 11, 2024); *United States v. Uriarte*, No. 09-CR-332-4, 2024 WL 4111867, at *3 (N.D. Ill. Sept. 6, 2024); *United States v. Williams*, No. 06-CR-20032-JES-2, 2024 WL 3567498, at *3 (C.D. Ill. July 29, 2024); *United States v. Buggs*, No. 99-86, 2024 WL 2130566, at *3 (N.D. Ind. May 13, 2024); *United States v. Duncan*, No. 3:03-CR-57 JD, 2024 WL 4471420, at *7 (N.D. Ind. Oct. 11, 2024); *United States v. Black*, 715 F. Supp. 3d 1069, 1075 (N.D. Ill. 2024). In each of these cases, the court examined "whether the Sentencing Commission's or the Seventh Circuit's interpretation of 'extraordinary and unusual' prevails," *Black*, 715 F. Supp. 3d at 1075, and concluded that it was bound to apply *Thacker*, *id*. at 1083; *but see, e.g., United States v. Bailey*,

2024 WL 2291497 (S.D. Ind. May 20, 2024) (holding that *Thacker* does not preclude application of § 1B1.13(b)(6)); *United States v. Spradley*, No. 1:98-CR-38-JMS-MJD-1, 2024 WL 1702873, at *5 (S.D. Ind. Apr. 18, 2024) (same). I share this view, as I explained recently in *Glover*, and thus deny Mr. Dean's motion for compassionate release.

This leaves Mr. Dean's most recent motion, which he filed as a motion "for relief under Amendment 821," but which raises the same grounds for relief he asserts in support of the motion discussed immediately above.

For the foregoing reasons, each of the motions is denied.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 7, 2025

7